117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shakuntala Kumari LALL, Jade Lall, Vandhana Lall, Krishneel
Lall, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 96-70363.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1997.**
Decided July 7, 1997.
 
 Before: NELSON, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Principal Petitioner Shakuntala Kumari Lall (Lall) and her three children left their native Fiji Islands and entered the United States on visitor visas in April 1992. Having been found deportable for overstaying their visas, the Lalls sought and were denied asylum. The children's claims for asylum are derivative of Lall's claims. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's (IJ) denial of asylum. Lall petitions this court to review the BIA's decision. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 ANALYSIS
 
 3
 A petitioner may be granted asylum "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). An application for asylum made in the context of a deportation is also considered a request for withholding of deportation. 8 C.F.R. § 208.3(b). The standard for withholding deportation is higher than that of asylum, requiring a "clear probability of persecution." 8 U.S.C. § 1253(h). Because we find that Lall has not fulfilled the requirements of the lesser standard for asylum, we analyze the facts only under that less stringent standard.
 
 
 4
 The BIA's denial of asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Review is limited to the administrative record. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). Under the "substantial evidence" standard, this court must "review the findings by a slightly stricter scrutiny than the clear error standard." Id. (quotation omitted). The BIA's determination should be reversed only if the factfinder would have to conclude that the requisite fear of persecution existed. Elias-Zacarias, 502 U.S. at 481; Aruta, 80 F.3d at 1393.
 
 
 5
 The most substantial form of past persecution that Lall points to is her husband's detention and physical abuse at the hands of the (ethnic Fijian) military. In Prasad v. INS, 47 F.3d 336 (9th Cir.1995), this court held that a petitioner's single detention and beating were not sufficient to compel the BIA to grant asylum. The court noted that "[a]lthough a reasonable factfinder could have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so. We are not permitted to substitute our view of the matter for that of the [BIA]." Id. at 340. In that case, the petitioner himself was beaten for his political views and he fled Fiji shortly after the beating. Here the petitioner's husband rather than herself was detained and beaten; both Lall and her husband continued to work for the government for years after the beating; both Lall and her husband maintained their active memberships in the National Federation Party after the beating, with no further incidents; and Lall did not leave the country until five years after the beating, at a time when Amnesty International and the United States State Department both said that there were no major incidents of human rights abuses in Fiji. This one incident, then, is insufficient to compel the BIA to grant asylum.
 
 
 6
 Lall's other claim of past persecution involves discrimination in her employment. Lall has presented no evidence that would permit this claim to rise to the level of past persecution.
 
 
 7
 Lall also claims to have a well-founded fear of persecution should she return. She fears that her children will not receive adequate (or equal to those of ethnic Fijians) academic opportunities; and she fears for herself that she may be arrested, beaten, raped, or even killed once back in Fiji. Regarding her fear for her physical well-being, Lall presented to the BIA no evidence to contradict the Amnesty International and State Department reports that found that major human rights abuses were not being practiced in Fiji.
 
 
 8
 Lall also fears ethnic discrimination. While discrimination, in extraordinary circumstances, can be "so severe and pervasive as to constitute 'persecution,' " Ghaly v. INS, 58 F.2d 1425, 1431 (9th Cir.1995) (citing Matter of Salama, 11 I & N Dec. 536 (BIA 1996) (government campaign causing departure of 37,000 Jews and urging boycott of Jewish doctors and dropping of Jewish professionals from professional societies constituted persecution)), the IJ relied on an Amnesty International report as well as one from the United States State Department to determine that discrimination in Fiji was neither so severe nor so pervasive. The State Department report notes that the business and professional class in Fiji remains dominated by ethnic Indians, and that Indians, though underrepresented, are represented in the national government. Moreover, it concludes that "[d]espite the flawed nature of the Fijian political structure ... we are not aware of any evidence that the Government of Fiji takes action against or fails to protect individuals solely because they are members of the Indo-Fijian community." After considering the administrative record as a whole, we cannot say that the evidence "not only supports [the] conclusion [that petitioner suffered from a well-founded fear of persecution], but compels it." Ghaly, 58 F.3d at 1431 (quotation and citation omitted).
 
 CONCLUSION
 
 9
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3